**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENECIA E. SIMPSON, <br><br> Defendant. | Case No. 20-03045-CR-MDH |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 400 grams or more of fentanyl, which led to death, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community;

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions

will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 400 grams or more of fentanyl leading to death, a crime for which the minimum term of imprisonment is 20 years.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988). Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

On January 7, 2016, Simpson was arrested by the Springfield, Missouri, Police Department and had in her bra approximately 5.53 grams of heroin. Prior to the fall of 2018, Simpson moved from the Springfield, Missouri, area to the St. Louis, Missouri, area.

In fall of 2018, the Branson, Missouri, Police Department ("BPD") began to investigate a string of overdoses in their area. BPD Detective Cody Phillips determined that the source of several of those overdoses was R.B. Detective Phillips sought assistance from Drug Enforcement Administration ("DEA) Task Force Officer ("TFO") Ben Deutscher, who obtained a phone tracker

for R.B. Springfield DEA followed R.B. to St. Ann, Missouri, in December 2018, and saw him meet with a gold Explorer.

R.B. was stopped on the way back to Branson and had with him approximately 58.4 grams of fentanyl. R.B. admitted he had obtained it from the person in the gold Explorer and identified his fentanyl sources as including Denecia SIMPSON. In an interview, R.B. also mentioned another heroin dealer in the Branson area, who Detective Phillips identified as A.B. Utilizing jail calls to a number being used by A.B., TFO Deutscher was able to obtain a tracker for A.B.'s telephone. In late January 2019, DEA Springfield followed A.B. up to St. Ann, Missouri, where she met with a black Dodge Charger. In early February, A.B. made another trip up to St. Ann. She was intercepted on her way back and had approximately 71 grams of fentanyl with her.

DEA in St. Louis conducted several surveillance operations and watched the gold Explorer that had met with R.B. and the black Charger that met with A.B. They determined that those vehicles were operated around that time by SIMPSON and her boyfriend and several other surveillance operations showed SIMPSON and her boyfriend engaging in behavior consistent with the sale of drugs.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

        Respectfully submitted,

        TIMOTHY A. GARRISON
        United States Attorney

By    */s/ Josephine L. Stockard*
        Josephine L. Stockard, MO Bar #63956
        Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on July 2, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine L. Stockard*
Josephine L. Stockard
Assistant United States Attorney