IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 20-03045-01-CR-S-MDH |
| DENECIA E. SIMPSON, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion Requesting Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 86). The Government opposes Defendant's Motion for Compassionate Release. (Doc. 91) and Defendant has replied. (Doc. 94). This matter is now ripe for adjudication on the merits. For the reasons stated below, Defendant's *Pro Se* Motion Requesting Conditional Release is **DENIED**.

Defendant was sentenced to 186 months imprisonment following a guilty plea for conspiracy to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Defendant's Motion for Compassionate Release contends that extraordinary and compelling reasons exist because of family circumstances, rehabilitation, and due to harsh conditions she has experienced while housed at FCI Tallahassee. (Doc. 86-3, pages 3-7). The Government argues that Defendant's motion should be denied because she has not exhausted her administrative remedies, nor has she demonstrated extraordinary and compelling reasons justifying a reduction.

Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in

sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*. Defendant has attached a copy of the Warden's response to her request for compassionate release. (Doc. 94-2). The Warden reviewed the compassionate release request based on Defendant's caregiver not being able to continue to care for her minor children due to the caregiver's health conditions. *Id*. The Warden denied Defendant's request stating she does not meet the criteria for compassionate release and has not provided compelling evidence that the family member referenced is incapacitated. *Id*. The Court finds that Defendant has exhausted her administrative remedies.

For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Defendant first argues that her minor children's caregiver is incapacitated due to her heart complications, lifevest, and her age of 70 years old. (Doc. 86-3, page 3). Additionally, Plaintiff states that her family ties are limited, and her immediate relatives are unable to care for her children full time. An extraordinary and compelling reason exists if the defendant establishes that circumstances similar to those listed in U.S.S.G. § 1B1.13(b)(3)(A)-(C) exist involving "any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(D). Defendant has provided a letter from Elie C. Azrak, the treating physician for the caregiver's

2

cardiac condition, which states that the caregiver is deemed "incapacitated due to the acuity and severity of her condition, and her need for ongoing treatments." (Doc. 94-6). The Court finds that Defendant's caregiver is incapacitated.

However, Defendant has not shown that she is the only available caregiver for her children. Defendant has submitted letters from Thomas Gaspard, LaWanda Holman and Patrica Payne; Defendant's ex-husband and her two sisters respectively. (Docs. 86-3, pages 13-15). Each letter indicates that these individuals are not able to care for Defendant's minor children. *Id*. Although Defendant submits these letters in support of her position she is the only caretaker available, they only illustrate that these individuals do not have the capacity to care for her minor children. Mr. Gaspard's letter talks about his inability to care for the children but does not expand upon anyone in his family that may be able to take care or custody of the children. (Doc. 86-3, page 14). Further, Ms. Holman states that while she cannot take care of the children, she makes mention of having five children who she is assumingly the primary caregiver for or who have potential people who would be able to care for Defendant's children. (Doc. 86-3, page 13). Lastly, Ms. Payne simply states she is unable to care for the children without any context on if there is anyone in her family that may take care of Defendant's children. (Doc. 86-3, page 15). The Court finds that Defendant has not established that there are no other suitable caregivers for her children.

Defendant next argues that her living conditions at FCI Tallahassee currently has an ongoing mold and asbestos issues and has suffered issues stemming from that including skin irritation and other side effects. (Doc. 86-3, pages 5-6). Defendant further alleges issues with the facility's food service such as spoiled or contaminated food and unsanitary kitchen and commissary areas. (Doc. 86-3 page, 7). An extraordinary and compelling reason exists if the

3

defendant is housed at a correction facility affected or at imminent risk of an ongoing outbreak of infectious disease, or an ongoing public health emergency declared by the appropriate federal, state, or local authority. U.S.S.G. § 1B1.13(b)(1)(D). Defendant has failed to provide evidence that she is housed at a correctional facility affected or at imminent risk of an ongoing outbreak of infection disease nor an ongoing public health emergency. The Court finds that Defendant has not established that her situation is so extraordinary or compelling that she should be released.

Finally, the Defendant points to her rehabilitation efforts in support of a reduction of a term of imprisonment. However, rehabilitation is not, by itself, an extraordinary and compelling reason for a reduction of a term of imprisonment. U.S.S.G. § 1B1.13(d).

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release.

**IT IS SO ORDERED**.

DATED:  March 13, 2025  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**